UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMOND W. BROWN, JR.,

        Plaintiff,

v.                                    Case No. 16-13451
                                    Honorable Denise Page Hood

LARRY BARNETT,
ARTHUR LEAVELL,
GREGORY TOURVILLE,
MATTHEW BRAY,
AMY MATELIC,
STEVEN RILEY,
STEPHEN GEELHOOD,
and CITY OF DETROIT,

        Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND DISMISSING ACTION

This matter comes before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation. [#25]

*Pro se* Plaintiff Edmond W. Brown, Jr. filed this action pursuant to 42 U.S.C. § 1983 against Defendants Larry Barnett, Arthur Leavell, Gregory Tourville, Matthew Bray, Amy Matelic, Steven Riley, Stephen Geelhood, and the City of Detroit on September 22, 2016. On November 11, 2016, Defendants City of Detroit and Steven Rile filed a Joint Motion to Dismiss. [#10] The remaining Defendants filed a Notice

of Joinder. [#20] Plaintiff filed a response, to which Defendants replied. Plaintiff also filed a second answer to the Motion to Dismiss.

The Magistrate Judge recommends that the Court grant the Defendants' Motion to Dismiss for two reasons: (1) the lack of subject matter jurisdiction over Plaintiff's federal claim pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) the absence of reason to exercise supplemental jurisdiction over the remaining claims. No objections to the Report and Recommendation were filed by the due date of March 22, 2017, but on March 30, 2017, Plaintiff filed a "response" (rather than an objection) to the Magistrate Judge's Report and Recommendation. In his response, Plaintiff conceded that his civil action should be dismissed without prejudice as to all defendants for lack of subject matter jurisdiction under the *Heck* doctrine, which provides that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87.

Judicial review of the Commissioner's decision is limited in scope to

determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Finding no error in the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation in its entirety. Furthermore, as neither party has raised an objection to the Report and Recommendation, the Court finds that the parties have waived any further objections to the Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987) (a party's failure to file any objections waives his or her right to further appeal); *Thomas v. Arn*, 474

U.S. 140, 149 (1985).

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 25, filed March 3, 2017] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Docket No. 10, filed November 7, 2016] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: April 14, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager